UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80834-CIV-HURLEY/HOPKINS

**SHANE CHRISTOPHER BUCZEK,**
    **Plaintiff,**
vs.

**TRANS UNION LLC,**
    **Defendant.**
_____/

## MEMORANDUM OPINION and ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon the defendant's motion for summary judgment filed August 24, 2006 [DE # 64] together with plaintiff's responses in opposition [DE# 80, 92].

Having reviewed the parties' respective submissions, in conjunction with the pleadings, depositions, admissions, interrogatory answers, affidavits and other evidence on file, the court concludes that plaintiff has failed to adduce evidence sufficient to sustain a *prima a facie* claim under the Fair Credit Reporting Act ("FCRA") for either negligent reporting or inadequate reinvestigation, and that the defendant is entitled to entry of summary judgment as a matter of law on all claims lodged against it in this proceeding.[1]

---

[1] The court has exercised its discretion to dispense with oral argument on the motion in light of the overwhelming evidence of the accuracy of the disputed items contained on plaintiff's credit report and lack of any competent, material proofs or meaningful substantive response in opposition. *See generally L. S. I., Inc. v Crow*, 49 F.3d 679 (11th Cir. 1995); *Moore v State of Florida*, 703 F.2d 516 (11th Cir. 1983); *Barker v Norman*, 651 F.2d 1107 (5th Cir. 1981).

## I. Summary Judgment Standard

In ruling on the current motion, the court must view the evidence and all reasonable inferences in the light most favorable to the plaintiff as the non-moving party. *Drago v Jenne,* 453 F.3d 1301 (11th Cir. 2006). Summary judgment is appropriately entered only if "'there is no genuine issue as to any material fact and .... the moving party is entitled to judgment as a matter of law." *Id.*

## II. Discussion

Plaintiff Shane Christopher Buczek's *pro se* complaint against defendant Trans Union LLC ("Trans Union") seeks civil damages under the Fair Credit Reporting Act ("FCRA") for violation of 15 U. S. C. § 1681e(b)[2] based on Trans Union's alleged inaccurate reporting of three credit accounts and twenty-one inquiries on plaintiff's credit file, and under §1681i(a)[3] based on Trans Union's alleged inadequate reinvestigation of plaintiff's dispute over these entries.

---

[2] To recover on a negligent reporting claim under §1681e(b), a consumer must show: (1) a credit reporting agency published an inaccurate report to a third party; (2) the agency publishing the report failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports; (3) the agency's failure to failure to follow reasonable procedures caused actual damages to the consumer. *Enwonwu v Trans Union, LLC,* 164 Fed. Appx. 914 (11th Cir. 2006) (unpub)*; Cassara v DAC Servs, Inc.*, 276 F.3d 1210 (10th Cir. 2002).

[3] To establish a claim for failure to reinvestigate under §1681i(a), a consumer must prove: (1) his credit report contains inaccurate or incomplete information; (2) he directly notified the credit reporting agency of the alleged inaccuracy; (3) his dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond or conduct reasonable reinvestigation of the disputed items; (5) the agency's failure to reinvestigate caused the consumer to suffer actual damages; (6) if no out-of-pocket losses, then the consumer must show intangible damages such as humiliation, mental distress, etc.. *Thomas v Trans Union LLC*, 197 F. Supp. 2d 1233 (D. Or. 2002).

The three disputed accounts in question are the BMW Financial Services ("BMW") Account; the First USA BK ("First USA") Account, and the Ideal Collection Service ("Ideal") Account. Because the court finds no genuine issue of material fact pertaining to the accuracy of any of the disputed items, as more particularly discussed below, the plaintiff is unable to create a jury question on a threshold element of his claim and, therefore, summary judgment is appropriately entered against him.

### A. The BMW Account

On July 1, 2001 plaintiff signed a consumer credit application with BMW. Plaintiff does not deny that he signed the application, but rather alleges that he simply "does not recall" signing it. On July 5, 2001, he signed a three year lease with BMW for a 2001 BMW Z3 Roadster. Again, plaintiff does not deny signing the lease, but only that he "does not recall" signing it.[4] He also disclaims memory of ever having the BMW in his possession,

By July, 2002, the lease was in default, and BMW repossessed the Z3. After the repossession, the lease was brought current with payment of the past due balance and the car returned to plaintiff.

In June, 2004, the car was repossessed a second time and sold at auction. After the sale, plaintiff was charged with a deficiency balance of $19,182.62. This balance remains unpaid and is currently reported as delinquent on plaintiff's Trans Union credit report.

---

[4] Toward the end of his deposition, plaintiff produced a *pro se* litigation handbook entitled "Thou Teacheth My Hand to War, " "Special Seminar Edition," which recommends the "liberal" use of stock responses such as "I don't recall" or "I don't remember" as a litigation strategy. This section is starred and underlined in the plaintiff's hand. [Deposition Buczek, pp. 501-502].

3

Plaintiff contests the accuracy of this reported delinquency on three bases: First, he claims that he holds an arbitration award from the "National Arbitration Council" ("NAC") which nullifies the BMW debt. However, the underlying BMW auto lease does not contain an arbitration agreement, and BMW did not otherwise agree to arbitrate disputes arising out of the lease agreement. Absent a valid contractual agreement to arbitrate, a demand for arbitration is not binding. *Czarina LLC v W. F. Poe Syndicate*, 358 F.3d 1286 (11th Cir. 2004).

The NAC award against BMW is therefore of no force and effect, and BMW was free to disregard it. "If there is no [agreement to arbitrate], the actions of the arbiter have no legal validity..... A party that contends it is not bound by an agreement to arbitrate can therefore simply abstain from participating in the proceedings, and raise the [non]existence of a written contractual agreement to arbitrate as a defense to a proceeding seeking confirmation of the arbitration award..." *MCI Telecommunication v Exalon Industries, Inc.*, 138 F.3d 426, 430 (1st Cir. 1998).

Such a unilateral, contractually unauthorized invocation of arbitration–- apparently a method of debt management taught at seminars sponsored by the NAC [5] -- is a palpably illegitimate "credit repair" tool. This court will not countenance its use as an "end run" around legitimate creditors and joins its sister courts which have correctly condemned it as sham. *See e.g. Chase Manhattan Bank USA N.A. v National Arbitration Council*, 2005 WL 1270504 (M..D. Fla. May 27, 2005); *Citibank N.A. v National Arbitration Council*, 2006 WL 2691528 (M.D. Fla.

---

[5] As further explained during plaintiff's deposition testimony, the National Arbitration Council advocates a consumer strategy of demanding arbitration in its forum with credit card companies; when the creditor declines or fails to respond to the demand for arbitration, the Council gives the consumer an award against the creditor in the amount of the debt.

September 19, 2006); *Chase Bank USA, N.A. v Dispute Resolution Arbitration*, 2006 WL 1663823 (D. Nev. 2006).

Plaintiff alternatively challenges the accuracy of the reported BMW debt on grounds it was not "validated," i.e. verified with a "wet ink, blue ink" signature. Although the theory on this point is sketchy, plaintiff seems to be invoking a "best evidence" rule objection to introduction of the lease. However, under the Federal Rules of Evidence, a duplicate photocopy which accurately reproduces the original is admissible to the same extent as the original, Fed. R. Evid. 1002, unless the opposing party carries his burden of raising a genuine question as to the authenticity of the unintroduced original, or as to the trustworthiness of the duplicate, or as to the fairness of substituting the duplicate for the original. Fed. R. Evid. 1003. *United States v Georgalis*, 631 F.3d 1199 (5th Cir. 1980); *Ice Music Ltd v Schuler*, 1996 WL 474192 (S. D. N. Y. 1996).

Plaintiff does not begin to carry this burden here, and the court finds no independent basis in this record to to question the authenticity of the lease document in question. To the contrary, BMW has produced and identified a photocopy of the lease as a true copy of the original document in response to a third party subpoena issued in this action. With this predicate, the absence of a "wet ink" signature on the proffered document does not create any issue of material fact pertaining to the validity of the underlying debt which is created by the document. Nor does the plaintiff's lack of memory of signing the lease create a genuine issue of fact pertaining to the validity of this debt. Accordingly, this document is properly before the court as evidence of the underlying debt and accuracy of the corresponding delinquency reported on the plaintiff's Trans Union credit file.

Finally, plaintiff challenges the reported BMW delinquency on ground that his underlying lease contract with BMW has "expired." That the lease term may have expired does not negate plaintiff's financial responsibility for the unpaid balance, however. Notably, plaintiff does not claim to have made all payments due on this account: Rather, he simply states he has "no idea" if payments were made.

The claimed lack of knowledge or memory does not contradict Trans Union's evidence that payments were not made, and that the debt was accurately verified with BMW. *See Dickey v Baptist Memorial Hospital - North MS,* 146 F.3d 262, 266 n. 1 (5th Cir. 1998)("The mere fact that Dr. Washington does not remember the alleged phone conversation, however, is not enough, by itself, to create a genuine issue of material fact."); *International Poultry Processors v Wampler Foods, Inc.*, 1999 WL 33456488 (E.D. Pa. 1999); *Shipe v Allstate Ins. Co.*, 791 F. Supp. 109 (M.D. Pa. 1992); *Groff v Continental Ins. Co.* 741 F. Supp. 541 (E.D. Pa. 1990). Consequently, the evidence of nonpayment presented by Trans Union remains uncontradicted, and the accuracy of its reporting on this item unchallenged.

### B. First USA Bank

Buczek entered a card member agreement with First USA Bank in September, 2000. By late 2002, Bank One took over the accounts of First USA Bank, its subsidiary, including this consumer credit card account. On July 1, 2004, Bank One merged with JP Morgan Chase, and the then balance of $5,535.38 balance on plaintiff's Bank One account was charged off as a bad debt. This delinquency is now reported on plaintiff's Trans Union credit report.

Plaintiff admits he had a First USA account and does not dispute the amount of the delinquency charged to it. As with the BMW account, he simply contends that the debt has been eliminated by an arbitration award he received from the National Arbitration Council. As a threshold matter, this NAC award, like its BMW counterpart, is non-binding as to First USA because it did not agree to the arbitration forum in which plaintiff presented his dispute: The card member agreement calls for arbitration of disputes by the National Arbitration Forum –not the National Arbitration Council – and First USA raised this discrepancy when plaintiff initially made his arbitration demand. Because this bank did not contractually agree to have the NAC arbitrate disputes between it and its cardholders, the NAC lacks contractual or other legal authority to bind the bank or its successors, and the award issued in the absence of such authority is a sham. *Chase Manhattan Bank v National Arbitration Council*, 2005 WL 1270504 (M.D. Fla. 2005).

Although hazily articulated, plaintiff further challenges the validity of the Bank One charge on theory that his bank loaned him credit "monetized" by the Federal Reserve, not money, and that the loan improperly calls for repayment in dollars. [6] In related vein, he relies on Joint Resolution 192, passed by Congress in 1933, to argue that this loan obligation improperly requires repayment

---

[6] Deposition Transcript of S. Buczek. [Tr. 334-339]. This is apparently one of many fiscal management and other theories plaintiff has absorbed at seminars. As explained in his deposition, he has also opted out of the social security system [Tr. Pp. 43-44]; copyrighted and trademarked his own name [Tr. P. 8]; adopted silver as an alternative currency [Tr. 10-13; 308-311]; joined the "Little Shell Babine Bank of North America" Indian tribe to which he "exported" his 2004 Nissan automobile [Tr. 137-140; 444-446];created his own independent sovereign state, the "Florida Republic, American Sovereign." [Tr. 84-87; 292-296], and disclaimed any individual federal income tax obligations on theory that Title 26 was never enacted, he is not resident of the District of Columbia, and Form 1040 is outdated. [Tr. 123-135].

in money.⁷

While unusual, these theories are not especially novel, and have been unanimously rejected as baseless, if not frivolous, by courts called to rule upon them. *See Davis v JP Morgan Chase Bank*, 2004 WL 526921 (N.D. Ill. 2004), *citing Rene v Citibank, N.A.,* 32 F. Supp. 2d 539, 544 (E.D. N.Y. 1999); *Nixon v Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898 (C.D. Ind. 1985)(assessing fees and fine as sanction for filing frivolous pleading against mortgagor which alleged that mortgage company committed fraud and breach of contract by not having "legal money", i.e. gold and silver, on deposit to back up loan); *Theil v First Federal Savings & Loan Ass'n*, 646 F. Supp. 592 (N.D. Ind. 1986). This court concurs with that assessment, and finds no further analysis of these points warranted here. Accordingly, the court finds no genuine issue of material fact raised as to the accuracy of Trans Union's reporting on this item.

### C. **Ideal Collection Service**

On February 6, 2002, plaintiff signed a security deposit and lease agreement for an apartment located at St. Andrews at Boynton Beach, 7816 Sonoma Springs, Lake Worth, Florida. He eventually defaulted on the lease, leaving a balance of $1,185 owed to the landlord.

The landlord assigned the debt for collection to Ideal Collection Service. Plaintiff's Trans Union credit report identifies this debt as a delinquent obligation, showing St. Andrews as the original creditor.

Plaintiff does not deny that he lived at the St. Andrews address or that he broke the lease; he merely states he "does not recall" these events. Again, plaintiff's stated lack of memory does

---

⁷ Plaintiff's "2d motion to strike summary judgment" [DE# 92] recites, at ¶4: "I am not in receipt of any document which verifies that I owe any money. We have not had real money since 1933. See HR 192 June 5, 1933 (**GOLD AND SILVER**)."

not operate to create a genuine issue of material fact pertaining to the existence of the underlying obligation. Consequently, Trans Union's evidence of nonpayment remains uncontradicted, and there is no genuine issue of material fact raised respecting the accuracy of Trans Union's reporting on this item.

### III. Conclusion

Because plaintiff is unable to come forward with evidence revealing a genuine issue of material fact pertaining to the accuracy of his credit report on the three disputed items in question, he fails to adduce evidence sufficient to sustain a *prima facie* case under either prong of his asserted FCRA claim, and necessarily suffers adverse summary judgment.

The record likewise reveals no genuine issue of fact pertaining to the reasonableness of procedures employed by defendant in collecting and placing information on plaintiff's credit reports, or the adequacy of the re-investigation process used to verify information which is included. Plaintiff's *prima facie* FCRA case fails for this alternative and additional deficiency in the proofs as well.

Finally, the court has examined the record on plaintiff's remaining dispute pertaining to the multiple third party "false inquiries" appearing on his Trans Union credit report, and finds no genuine issue of material fact on the question of whether defendant published plaintiff's credit report to any third party without permissible purpose in violation of § 1681b.

## IV. Decretal Provisions

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The defendant's motion for summary judgment on plaintiff's Fair Credit Reporting Act (FCRA) claims [DE# 64] is **GRANTED.**

2. In light of the plaintiff's concession at deposition as to the inapplicability of the Fair Debt Collection Practices Act, and corresponding agreement to withdraw such claim [Deposition Tr. Pp. 529-531], any and all claims brought under the Fair Debt Collection Practices Act (FDCPA) [Complaint, p. 4, ¶4] are further **DISMISSED with PREJUDICE.**

3. Pursuant to Rule 58, **FINAL SUMMARY JUDGMENT** shall be separately entered in favor of defendant **TRANS UNION LLC** and against the plaintiff **SHANE CHRISTOPHER BUCZEK** on all claims lodged in this action.

4. In entering its decision, the court expressly finds that the plaintiff's claims lack any basis in law or fact. Whether these claims were filed in bad faith or for the purpose of harassment for purpose of triggering an attorney fee assessment under 15 U.S.C §§ 1681n, 1681o, however, remains to be determined. The court expressly reserves jurisdiction to determine the issue of entitlement to attorneys' fees and costs in favor of the prevailing party, and directs the defendant to file separate motion addressing these issues, together with all supporting proofs, within **FIFTEEN (15) DAYS** from the date of entry of this order.

5. There being nothing further for the court to do, the Clerk of Court is directed to **CLOSE** this file and terminate all pending motions -- including the plaintiff's pending motion to mediate [DE# 104] -- as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 9th day of November, 2006.

_____
Daniel T. K. Hurley
United States District Judge

cc.

Shane Christopher Buczek, *pro se*
3135 S. Federal Highway
Delray Beach, FL 33483

all counsel